## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| JERMAINE CARSON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:20-cv-00399 |
| | : | |
| TIMOTHY TUCKER, and WESTERN | : | |
| EXPRESS, INC., | : | |
| Defendants. | : | |
| | : | |

## O P I N I O N
**Defendants' Motion to Dismiss and for a More Definitive Statement, ECF No. 13 —
Granted in part and Denied in part**

**Joseph F. Leeson, Jr.**                                            **April 23, 2020**
**United States District Judge**

## I.      INTRODUCTION

Plaintiff Jermaine Carson brings forth this complaint against Defendants Timothy Tucker and Western Express for alleged injuries sustained in a tractor-trailer accident. Carson asserts claims of negligence and punitive damages against Defendants. Defendants seek a more definitive statement for subparagraphs x, z, aa, bb, cc, dd, pp, and qq of paragraph 24; subparagraphs q, v, x, z, aa, bb, cc, dd, pp, and qq of paragraph 32; and subparagraphs t and x of paragraph 33 of Plaintiff's complaint, move to dismiss the punitive damages claims against Defendants, and move to strike mention of "gross," "wanton," and "reckless" throughout the complaint where Carson cannot factually justify those terms. For the following reasons, the motion is granted in part and denied in part.

## II.     BACKGROUND

Carson alleges the following facts:

Carson was operating his 2004 Mitsubishi tractor-trailer in Ephrata Borough on December 28, 2017, when Tucker, operating his 2016 Freightliner owned by Western Express, came into "sudden and forcible" contact with Carson's tractor-trailer from the rear on State Route 222. Pl. Compl. ¶¶ 9, 10, 11, 12, 13, ECF No. 1. The impact of the collision forced Carson's tractor-trailer off the road causing it to flip on its side and throwing Carson about inside the vehicle. *Id.* at ¶¶ 14, 15.

As a result of the collision, Carson suffered knee injuries, back injuries, spinal injuries, and damage to his nervous system. *Id.* at ¶ 16. Carson sought medical treatment for his injuries and will need to seek medical treatment in the future as well. *Id.* at ¶ 17. Carson needed to expend money for his healthcare and will need to expend additional money for future healthcare. *Id.* at ¶ 19. Additionally, he lost income, earning capacity, and was "forced to forego" the pleasures of life. *Id.* at ¶¶ 19, 20, 21.

Carson originally filed this complaint in the United States District Court for the Middle District of Pennsylvania on December 20, 2019. *See* Compl. The Middle District transferred the case to this Court on January 24, 2020. *See* ECF No. 10. Carson's complaint asserts negligence and punitive damages against Defendants, including the following pertinent allegations Defendants seek for Carson to define more clearly:

> 24. The negligent conduct, careless and gross wanton and reckless of Defendant Timothy Tucker consisted of the following:
> . . . .
> x. operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;
> . . . .
> z. driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. § 3736;

aa. failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania, and the ordinances of Ephrata Borough, in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

bb. failure to operate, maintain, inspect, and repair his vehicle in accordance with the application Federal Motor Carrier Safety Regulations and Pennsylvania statutes and regulations;

cc. operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

dd. operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act;

. . . .

pp. failure to operate, maintain, inspect, and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. § et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code § 229.14;

qq. such other acts of negligence, gross negligence, recklessness and/or willful and wanton conduct as may be discovered using the Federal Rules of Civil Procedure.

. . . .

32.  The negligent conduct, careless conduct and gross wanton and reckless conduct of Defendant Western Express, Inc., by and through the acts and or omissions of the Defendant Timothy Tucker, who at all times relevant hereto was acting as the agent, servant, employee and/or workman of Defendant Western Express, Inc. and was in the course and scope of such agency, service, employment, and/or work at the time of the collision in this case, consisted of the following:

. . . .

q. operating his vehicle in careless disregard for the safety of others in violation of 75 Pa C.S.A. § 3714;

. . . .

v. failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

. . . .

x. operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

z. driving recklessly and with willful and wanton disregard for the safety or persons or property in violation of 75 Pa. § 3736;

aa. failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Ephrata Borough, in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

bb. failure to operate, maintain, inspect and repair his vehicle in accordance with the application Federal Motor Carrier Safety Regulations and Pennsylvania statutes and regulations;

cc. operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

dd. operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act;

pp. failure to operate, maintain, and inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. § et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code § 229.14;

qq. such other acts of negligence, gross negligence, recklessness and/or willful and wanton conduct as may be discovered using the Federal Rules of Civil Procedure.

33. The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Western Express, Inc., in its own right, consisted of the following:

> . . . .
>
> t. operating its vehicle in violation of the Rules and Regulations of the Federal Motor Carrier Safety Regulations;
>
> . . . .
>
> x. such other negligence, recklessness, and/or willful and wanton conduct as shall be revealed in discovery under the Federal Rules of Civil Procedure.

Compl. at ¶¶ 24, 32, 33.

Defendants filed this motion on February 18, 2020. *See* ECF No. 13. In their motion, Defendants move for a more definitive statement for subparagraphs x, z, aa, bb, cc, dd, pp, and qq of paragraph 24; subparagraphs q, v, x, z, aa, bb, cc, dd, pp, and qq of paragraph 32; and subparagraphs t and x of paragraph 33 of Plaintiff's complaint; and seek to dismiss the claims for punitive damages for failure to state a claim under which relief can be granted. Defendants also seek to strike mention of "gross," "wanton," and "reckless" throughout the complaint where Carson cannot factually justify those terms.

## III.   LEGAL STANDARDS

### A.  12(b)(6) Motion to Dismiss Standard

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B. 12(e) Motion for a More Definitive Statement Standard

Federal Rule of Civil Procedure 12(e) often serves as a corollary to pleading standards under Rule 8(a). Rule 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction[;] . . . the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include . . . different types of relief." Fed. R. Civ. P. 8(a). Where the complaint is lacking in this regard:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). The Court notes that "[a] motion for a more definite statement is not a substitute for the discovery process[,]" and that such motions are not favored. *Wheeler v. United States Postal Service*, 120 F.R.D. 487, 488 (M.D. Pa. 1987). They are typically only granted where pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." *Maya v. Chertok*, No. 15-00484, 2015 WL 5254377, *2 (M.D. Pa. Sept. 9, 2015) (quotation marks omitted) (quoting *Morris v. Kesserling*, No. 09-1739, 2010 WL 4362630, at *1 (M.D. Pa. Oct. 27, 2010)); *see Schaedler v. Reading Eagle Publ'n*, 370 F.2d 795,

798 (3d Cir. 1966) (stating that such motions are "directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading"). The opposing party must be unable to respond "even with a simple denial[ ] in good faith or without prejudice to himself." *Brueggman v. Fayette Cnty.*, No. 95-446, 1995 WL 606796, *4 (W.D. Pa. Aug. 17, 1995); *see Kimberton Healthcare Consulting, Inc. v. Primary PhysicianCare, Inc.*, No. 11-4568, 2011 WL 6046923, at *3 (E.D. Pa. Dec. 6, 2011) (explaining that "a motion for a more definitive statement is generally . . . used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail").

The Third Circuit has, however, "highlighted the usefulness of a motion for a more definite statement when a complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense." *Miller v. Alt. Freight Sys.*, No. 11-01954, 2013 WL 1308235, at *3 (M.D. Pa. Jan. 29, 2013) (citing *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006)). In this circumstance, "the Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to obtain the factual basis underlying a plaintiff's claim for relief." *Id.* (quoting *Thomas*, 463 F.3d at 301). These motions are largely committed to the discretion of the trial court. *Maya,* 2015 WL 5254377, at *2.

### C.  12(f) Motion to Strike Standard

Defendants seek to dismiss "gross," "wanton," and "reckless" throughout the complaint where Carson cannot factually justify those terms. However, that request is more properly viewed as a motion to strike under Rule 12(f) rather than a motion to dismiss under Rule 12(b)(6), and the Court treats it accordingly. *Fisher v. Borough of Doylestown*, No. 02–4007, 2003 WL 22134790, at *5 n.5 (E.D. Pa. May 30, 2003); *see Howmedica Osteonics Corp. v.*

*Zimmer, Inc.*, No. 05–897, 2006 WL 2583275, at *2 (D.N.J. Sep. 5, 2006) (concluding that a court should not deny an otherwise proper motion merely because a party has styled it inaccurately).

A district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Content is immaterial when it has no essential or important relationship to the claim for relief. Content is impertinent when it does not pertain to the issues raised in the complaint. Scandalous material improperly casts a derogatory light on someone, most typically on a party to the action." *Lee v. Eddystone Fire & Ambulance*, No. 19-3295, 2019 WL 6038535, at *2 (E.D. Pa. Nov. 13, 2019) (quotation omitted). "[S]triking a pleading or a portion of a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice.'" *Lee v. Dubose Nat'l Energy Servs., Inc.*, No. 18-2504, 2019 WL 1897164, at *4 (E.D. Pa. Apr. 29, 2019) (same). Thus, "[m]otions to strike are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Eddystone Fire*, 2019 WL 6038535 at *3; *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp. 2d 525, 527–28 (E.D. Pa. 2013).

### D.  Punitive Damages

Plaintiffs seek punitive damages against Defendants. To the extent that these counts bring claims for punitive damages under state law, Pennsylvania law sets an exacting standard for the award of punitive damages in tort cases. Pennsylvania has adopted Section 908 of the Restatement (Second) of Torts, which provides that punitive damages may be "awarded to punish a defendant for outrageous conduct, which is defined as an act which, in addition to creating 'actual damages, also imports insult or outrage, and is committed with a view to oppress

or is done in contempt of plaintiffs' rights.' . . . . Both intent and reckless indifference will

constitute a sufficient mental state." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230,

235 (3d Cir. 1997) (quoting *Delahanty v. First Pa. Bank, N.A.*, 464 A.2d 1243, 1263 (Pa. Super.

Ct. 1983)).

> As the Pennsylvania Supreme Court has observed:
>
> The standard governing the award of punitive damages in Pennsylvania is settled. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 485 A.2d 742, 747 ([Pa.] 1984) (quoting Restatement (Second) of Torts § 908(2) (1979)); *see also Chambers v. Montgomery*, 192 A.2d 355, 358 ([Pa.] 1963). As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. *See SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 ([Pa.] 1991); *Feld*, 485 A.2d at 747-48; *Chambers*, 192 A.2d at 358. *See also* Restatement (Second) of Torts § 908, comment b. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct. *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 803 ([Pa.] 1989); Restatement (Second) of Torts § 908 (1) ("Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."). Additionally, this Court has stressed that, when assessing the propriety of the imposition of punitive damages, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." *See Feld*, 485 A.2d at 748; *see also Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097 n. 12 ([Pa.] 1985) (plurality opinion).

*Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770-71 (Pa. 2005).

> In *Hutchison* the Pennsylvania Supreme Court also:
>
> [S]et forth the standard the courts are to apply when called upon to determine whether the evidence supports a punitive damages award on such a basis. Noting that Comment b to Section 908(2) of the Restatement refers to Section 500 as defining the requisite state of mind for punitive damages based on reckless indifference, this Court turned to Section 500, which states:
>
> § 500 Reckless Disregard of Safety Defined: The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts

> which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent. Restatement (Second) of Torts § 500.

*Id*. at 771. Noting that Section 500 set forth two very different types of state of mind as to reckless indifference, the Pennsylvania Supreme Court adopted the narrower reading of this state of mind requirement when addressing punitive damage claims, concluding that "in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id*. at 772.

## IV.   ANALYSIS

### A.   Defendants' Motion for a More Definitive Statement

Defendants move for a more definitive statement for subparagraphs x, z, aa, bb, cc, dd, pp, and qq of paragraph 24; subparagraphs q, v, x, z, aa, bb, cc, dd, pp, and qq of paragraph 32; and subparagraphs t and x of paragraph 33 of Plaintiff's complaint. They cite to *Pozarlik v. Camelback Associates, Inc.*, 2011 WL 6003841, at *3 (M.D. Pa. Nov.30, 2011), to support their theory. For the following reasons, the motion is granted in part and denied in part.

Language similar to the language used in Plaintiff's complaint was considered in *Pozarlik*, in which the complaint had alleged that the defendant had been negligent in failing to exercise reasonable care at the property, "including but not limited to" twelve different theories, as well as "such other negligence, if any, that will be ascertained during discovery." *Pozarlik*, 2011 WL 6003841, at *3 (M.D. Pa. Nov.30, 2011). The court found that the defendant could not

be expected to answer such vague and sweeping allegations, which could incorporate potentially

innumerable state and federal laws. *Id.* at 4.

Here, in applying the standard for a Rule 12(e) motion for a more definitive statement,

the following subparagraphs satisfy the standard:

> 24. The negligent conduct, careless and gross wanton and reckless of Defendant Timothy Tucker consisted of the following:
>
> . . . .
>
> aa. failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania, and the ordinances of Ephrata Borough, in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;
>
> bb. failure to operate, maintain, inspect, and repair his vehicle in accordance with the application Federal Motor Carrier Safety Regulations and Pennsylvania statutes and regulations;
>
> cc. operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;
>
> dd. operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act;
>
> . . . .
>
> pp. failure to operate, maintain, inspect, and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. § et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code § 229.14;
>
> qq. such other acts of negligence, gross negligence, recklessness and/or willful and wanton conduct as may be discovered using the Federal Rules of Civil Procedure.
>
> . . . .

32.  The negligent conduct, careless conduct and gross wanton and reckless conduct of Defendant Western Express, Inc., by and through the acts and or omissions of the Defendant Timothy Tucker, who at all times relevant hereto was acting as the agent, servant, employee and/or workman of Defendant Western Express, Inc. and was in the course and scope of such agency, service, employment, and/or work at the time of the collision in this case, consisted of the following:

. . . .

aa. failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Ephrata Borough, in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

bb. failure to operate, maintain, inspect and repair his vehicle in accordance with the application Federal Motor Carrier Safety Regulations and Pennsylvania statutes and regulations;

cc. operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

dd. operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act;

. . . .

pp. failure to operate, maintain, and inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. § et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code § 229.14;

qq. such other acts of negligence, gross negligence, recklessness and/or willful and wanton conduct as may be discovered using the Federal Rules of Civil Procedure.

. . . .

33. The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Western Express, Inc., in its own right, consisted of the following:

. . . .

t. operating its vehicle in violation of the Rules and Regulations of the Federal Motor Carrier Safety Regulations;

. . . .

x. such other negligence, recklessness, and/or willful and wanton conduct as shall be revealed in discovery under the Federal Rules of Civil Procedure.

Pl. Compl. ¶¶ 24, 32, 33. Subparagraphs aa, bb, cc, dd, pp, and qq of paragraph 24; subparagraphs aa, bb, cc, dd, pp, and qq of paragraph 32; and subparagraphs t and x of paragraph 33 are impermissibly vague and do not allow for Defendants to answer or mount a defense. As to subparagraph qq of paragraph 24, subparagraph qq of paragraph 32, and subparagraph x of paragraph 33, if there are "such other" acts, as Carson alleges, Carson must specifically allege such acts, and the supporting facts, in the complaint so Defendants can frame a responsive pleading pertaining to those allegations. Moreover, as to subparagraphs aa, bb, cc, dd, and pp of paragraph 24; subparagraph aa, bb, cc, dd, and pp of paragraph 32; and subparagraph t of paragraph 32, Carson must set forth which exact federal, state, or local statute or regulation was violated and the specific facts supporting the alleged violations. Defendant cannot be left to speculate what specific statue or regulation was violated.

The vague nature of these subparagraphs highlights "the usefulness of a motion for a more definite statement when a complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense." *Miller*, 2013 WL 1308235, *3. Similar to *Pozarlik*, where the defendant could not respond to such vague allegations; in this instance, Defendants cannot respond to allegations of which they have no notice. Accordingly, the motion for a more definitive statement is granted

as to subparagraphs aa, bb, cc, dd, pp, and qq of paragraph 24; subparagraphs aa, bb, cc, dd, pp, and qq of paragraph 32; and subparagraphs t and x of paragraph 33.

As to the remaining subparagraphs, the subparagraphs pertain to the allegations of negligence, the statute for careless driving, 75 Pa C.S.A. § 3714, and the statute for reckless driving, 75 Pa. § 3736. Defendants can respond to these allegations as they pertain to the accident which led to the instant lawsuit. Conversely, subparagraphs aa, bb, cc, dd, pp, and qq of paragraph 24; subparagraphs aa, bb, cc, dd, pp, and qq of paragraph 32; and subparagraphs t and x of paragraph 33 leave Defendants to speculate on allegations, which is impermissible as compared to the remaining subparagraphs. Accordingly, Defendants' motion for a more definitive statement is granted as to subparagraphs aa, bb, cc, dd, pp, and qq of paragraph 24; subparagraphs aa, bb, cc, dd, pp, and qq of paragraph 32; and subparagraphs t and x of paragraph 33; but denied as to the remaining subparagraphs.

### B. Defendants' Motion to Dismiss

Defendants seek to dismiss the punitive damages claims against them on the basis Carson did not plead sufficient facts to show Defendants' state of mind during the accident. Carson counters that these facts will be revealed during discovery. For the following reasons, the motion to dismiss is granted.

Carson cites to cases in the Middle District where the court allowed punitive damage claims to proceed on the basis discovery will reveal more facts. *See*, *e.g.*, *Kerlin v. Howard*, No. 18-00481, 2018 WL 4051702, at *1 (M.D. Pa. Aug. 24, 2018); *Wydra v. Bah*, No. 15-513, 2016 WL 297709, at *2 (M.D. Pa. Jan. 22, 2016); *Cobb v. Nye*, No. 14-0865, 2014 WL 7067578, at *4 (M.D. Pa. Dec. 12, 2014) (citing *Young v. Westfall*, No. 06-2325, 2007 WL 675182, at *2 (M.D. Pa. Mar. 1, 2007) (denying motion to dismiss punitive damages in negligence accident involving

a tractor-trailer)); *Ferranti v. Martin*, No. 06-1694, 2008 WL 111272, at *2 (M.D. Pa. Jan. 8, 2008) (finding, in a claim relating to a tractor-trailer accident, that the plaintiff had pled sufficient allegations to require discovery).

However, the arguments advanced by Carson are contrary to Eastern District precedent. For example, in *Babenko v. Dillon*, 19-00199, 2019 WL 3548833, at *1 (E.D. Pa. Aug. 5, 2019), the defendant Ethan Dillon, driving Thomas Dillon's vehicle with his express or implied permission, struck the plaintiff's vehicle from behind. The plaintiff suffered numerous injuries as a result. *Id*. The plaintiff brought suit against defendants, asserting against Ethan Dillon that he negligently or recklessly: (1) operated his vehicle at an unsafe speed; (2) failed to properly brake his vehicle; (3) failed to properly observe roadways; and (4) failed to yield the right of way to other vehicles. *Id*. Next, the plaintiff asserted against Thomas Dillon that he negligently or recklessly acted when he negligently entrusted his vehicle: (1) to a driver insufficiently experienced and trained in the operation of vehicles upon state and local highways; (2) to a driver without sufficient training and experience in the handling of such a vehicle at highway or greater speeds; (3) to a driver without sufficient training and experience in the maintenance of control of such vehicles at normal speeds, including but not limited to, braking and the avoidance of obstacles; and (4) to an insufficiently experienced driver to operate upon the highways of this state and to carry passengers who may contribute to distraction from the extra care and attention needed for the operation of such vehicles at highway and greater speeds. *Id*.

The defendants moved to dismiss the plaintiff's complaint due to the lack of factual specificity on punitive damages, and the Court granted their motion. As to Ethan Dillon, the Court stated, "[a]llegations that Defendant did not comply with the law, by themselves, are insufficient to satisfy the requirements of Pennsylvania law for awarding punitive damages." *Id*.

at 3. The Court relied upon a similar Western District case, *Elmi v. Kornilenko*, No. 17-77, 2018 U.S. Dist. LEXIS 33950 (W.D. Pa. 2018), in which that Court stated, "the inclusion of simple allegations that a [motorist] did not comply with the law or violated regulations does not, by itself, satisfy the requirements of Pennsylvania law for awarding punitive damages." *Id*. at 12.

As to Thomas Dillon, the owner of the vehicle, the Court stated that the plaintiffs, "failed to allege that Thomas Dillon was aware of the risks posed by allowing Ethan Dillon to operate the vehicle." *Babenko*, 2019 WL 3548833 at 4. In its reasoning, the Court relied upon *Perez v. Bardo*, No. 11-376, 2011 WL 941380 (E.D. Pa. March 17, 2011). In *Perez*, the plaintiffs brought suit against the owners of a vehicle for punitive damages but insufficiently pled their complaint, leading the Court to state the allegations "do not support an inference that these defendants were aware of the risks posed by allowing Bardo to drive." *Id*. at 6. Accordingly, the Court dismissed the punitive damages claims against Ethan Dillon and Thomas Dillon.

      **i.    Punitive Damages against Tucker**

Here, Carson failed to plead with specificity allegations sufficient to support punitive damages against Tucker. Carson's complaint is replete with conclusory statements about how Tucker violated local, state, and federal statutes and regulations. However, Carson fails to plead factual specificity to support these conclusory statements. For example, Carson alleges that Tucker operated his vehicle in excess of the applicable hours, but offers no details about the number of hours Tucker had driven. *See* Compl. ⁋ 28. Carson also alleges that Tucker failed to operate, maintain, repair, and inspect his vehicle in accordance with federal regulations, but does not allege how the vehicle was not in compliance. *See id.* The Complaint also contains seemingly contradictory allegations, asserting that Tucker fell asleep but also that he was sending, reading, or writing a text message. *See id.* The Complaint contains nothing more than a

laundry list of possible violations without any specific factual allegations to show that Tucker committed any such violations.

Additionally, Carson failed to plead Tucker "had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that [] he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchinson*, 870 A.2d at 772. The lack of factual specificity as to the state of mind for Tucker is insufficient to survive dismissal. Currently, Carson's complaint against Tucker is not suited for punitive damages; rather, his allegations are suited for damages in a negligence action.

Carson's complaint is similar to the complaint against Ethan Dillon in *Babenko* where the plaintiff in *Babenko* merely asserted Ethan Dillon violated motor vehicle laws without asserting additional factual detail. Mere allegations Tucker violated the law are not enough. While Carson cites to cases in the Middle District where alleging punitive damages without additional factual detail so discovery can reveal more facts is sufficient to survive dismissal, these cases are inapposite in light of Eastern District precedent. Carson failed to address Eastern District precedent which requires more than brief conclusory remarks. Carson must plead additional factual detail as to Tucker's subjective appreciation of the risk and that he acted, or failed to act, in conscious disregard of that risk under Eastern District precedent.

### ii.   Punitive Damages against Western Express

Carson failed to allege with specificity allegations supporting punitive damages against Western Express. Carson's complaint is laden with conclusory allegations about how Western Express "knew or should have known" the conduct of Tucker. As discussed above, the conclusory allegations are insufficient to state a claim for punitive damages against Tucker; therefore, they fail to state a claim against Western Express for the same reasons.  To the extent

the Complaint makes additional allegations against Western Express for failure to train and/or supervise, these allegations again lack factual specificity to show how these alleged failures rose to the requisite level of culpability for punitive damages.  In construing the complaint in a light more favorable to Carson, the conclusory and speculative language "should" is insufficient for punitive damages. The allegations "do not support an inference that these defendants were aware of the risks posed" by permitting Tucker to operate the vehicle. *Perez*, 2011 WL 941380, at *6. Rather, these allegations are more suitable for a mere negligence claim instead of punitive damages. This lack of factual specificity is insufficient to survive dismissal.

Similar to Thomas Dillon in *Babenko*, there is no factual evidence to show Western Express was specifically aware of the risks posed by Tucker driving. Tucker cannot simply list conclusory allegations and assert punitive damages. This is in contravention to Eastern District precedent regardless of his citations to Middle District precedent. It is incumbent on Tucker to recognize the matter was transferred from the Middle District to the Eastern District and identify Eastern District case law that supports his arguments. Absent such precedent, the Court cannot allow his claim to continue.

## C.  Defendants' Motion to Strike

Defendants seek to strike mention of "gross," "wanton," and "reckless" throughout the complaint where Carson cannot factually justify those terms. For the following reasons, the motion to strike is granted.

Here, the terms Defendants seek to strike are immaterial in light of the Court dismissing Counts Two and Four, the claims for punitive damages against Defendants. The terms "gross," "wanton," and "reckless" have "no essential or important relationship to the claim for relief" as

the Court dismissed the punitive damages claims. *Eddystone Fire*, 2019 WL 6038535, at *2.

Accordingly, the motion to strike is granted.

## V.     Conclusion

For the reasons stated above, Defendants' motion is granted in part and denied in part.

Defendants' motion for a more definitive statement is granted for subparagraphs aa, bb, cc, dd,

pp, and qq of paragraph 24; subparagraphs aa, bb, cc, dd, pp, and qq of paragraph 32; and

subparagraphs t and x of paragraph 33 and denied as to the remaining subparagraphs.

Defendants' motion to dismiss the punitive damages claims against Tucker and Western Express

is granted without prejudice to Carson's right to amend to allege additional facts to support these

claims. Lastly, Defendants' motion to strike is granted.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge