UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JERMAINE CARSON,                         :
          Plaintiff,                     :
                    v.                   :         No. 5:20-cv-00399
                                         :
TIMOTHY TUCKER and WESTERN               :
EXPRESS INC.,                            :
          Defendants.                    :
_____

**O P I N I O N**
**Motion for Reconsideration, ECF No. 60 -- Dismissed**

**Joseph F. Leeson, Jr.**                              **March 17, 2021**
**United States District Judge**

## I.      INTRODUCTION

The above-captioned action involves an automobile collision between Plaintiff Jermaine

Carson and Defendant Timothy Tucker.  At time of the collision, Tucker was employed by

Defendant Western Express.  On July 16, 2020, this Court dismissed Carson's punitive damages

claims with prejudice.  Carson now files the present Motion for Reconsideration of that Order.

Carson's motion is untimely.  Accordingly, it is dismissed.

## II.     BACKGROUND

In his original Complaint, Carson included claims for punitive damages against both

Defendants.  *See* Compl., ECF No. 1.  Following a motion to dismiss, this Court dismissed

Carson's punitive damages claims without prejudice and struck the punitive damages request in

the request for relief in an Order dated April 23, 2020.  *See* Order 04/23/20, ECF No. 20.  Carson

was granted leave to file an amended complaint, and he did in fact file an Amended Complaint

on May 26, 2020.  *See* Am. Compl., ECF No. 21.  Following a motion to dismiss the Amended

Complaint, this Court dismissed the punitive damages claims with prejudice and struck the

punitive damages request from the request for relief in an Order dated July 16, 2020.  *See* Order 07/16/20, ECF No. 26.  Thereafter, this Court set the deadlines for discovery, indicating that all fact discovery shall be completed on or before January 14, 2021.  *See* Order 09/18/20, ECF No. 31.  Accordingly, fact discovery closed on January 14, 2021.  On January 14, 2021, Defendants filed their partial Motion for Summary Judgment.  *See* Mot. for Summ. J., ECF No. 51. Thereafter, on March 15, 2021, Carson filed the present Motion for Reconsideration of this Court's July 16, 2020 Order.  *See* Mot. Recon., ECF No. 60.

## III.    LEGAL STANDARDS

### A.  Review of Motion for Reconsideration

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  It is a "well-settled rule that reconsideration is improper when a party should have raised an argument earlier."  *Sarpolis v. Tereshko*, 625 F. App'x 594, 599 (3d Cir. 2016) (unpublished); *see, e.g.*, *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010).  A motion for reconsideration "is not properly founded on a request that the Court rethink what [it] had already thought through— rightly or wrongly."  *Pollock v. Energy Corp. of Am.*, 665 F. App'x 212, 218 (3d Cir. 2016) (internal quotations omitted).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Continental Casualty Co.*

*v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).  Under the Local Rules of Civil

Procedure for the Eastern District of Pennsylvania, "[m]otions for reconsideration or reargument

shall be served and filed within fourteen (14) days after the entry of the order concerned . . . ."

*See* Loc. R. Civ. P. 7.1(g).

## IV.    DISCUSSION

In his motion, Carson seeks reconsideration of this Court's Order dated July 16, 2020,

dismissing the punitive damages claims with prejudice.  Notwithstanding, under even the most

lenient construction of Local Rule 7.1(g), the motion is untimely filed.  Thus, it is dismissed.

Rule 7.1(g) states, in no uncertain terms, that the fourteen-day period for filing a motion

for reconsideration runs from the date of "the entry of the order concerned . . . ."  *See id.*  The

Order concerned in this matter was entered by this Court on July 16, 2020.  Thus, any motion for

reconsideration was due on or before July 30, 2020.  Carson's present motion was filed on March

15, 2021, over 200 days beyond the deadline for filing.  Accordingly, under the plain language of

Rule 7.1(g), the motion is far from timely.

Although failing to address the application of Rule 7.1(g) in his motion, Carson does

suggest that "new facts have been developed during discovery" that support reconsideration.  *See*

Mot. Recon. 10.  The fact discovery period for this matter closed on January 14, 2021.  Thus,

even if this Court were to measure the fourteen-day period for filing a motion for reconsideration

from the close of fact discovery, any motion for reconsideration was due on or before January

28, 2021.  Carson's motion, filed on March 15, 2021, comes over a month beyond this deadline.

Accordingly, even under this more lenient construction, the motion is still untimely.

Finally, in a response to Defendants' Motion for Summary Judgment, Carson indicated

that he had yet to depose a corporate representative of Western Express, and the deposition was

scheduled for February 12, 2021.  *See* Resp. to Mot. for Summ. J. 28-29, ECF No. 54.  The

implication is that this deposition would give rise to newly discovered facts supporting the

punitive damages claim.  Setting aside the fact that this deposition occurred following the close

of fact discovery, the existence of the deposition does not make Carson's motion timely. Even if

this Court were to measure the fourteen-day period for filing a motion for reconsideration from

the date of this deposition, any motion for reconsideration was due on or before February 26,

2021.  Carson's motion, filed on March 15, 2021, comes over two weeks beyond this deadline.

Accordingly, even under the most lenient reading of Rule 7.1(g), Carson's Motion for

Reconsideration is untimely filed.[1]  Therefore, the motion is dismissed.

## V.      CONCLUSION

Carson's Motion for Reconsideration is dismissed as untimely.  By a plain-language

reading of Rule 7.1(g), the motion is over 200 days late.  Even under the most lenient reading of

the rule, the motion is untimely.  Accordingly, the motion is dismissed.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1]      Moreover, given the untimeliness of the motion under any reading of Rule 7.1(g), the Court has concerns regarding the prejudicial effect of entertaining the merits of the motion at this stage of the proceedings.  This matter is scheduled for trial on April 19, 2021.  Prior to the opening of fact discovery, the punitive damages claim was dismissed *with prejudice*. Accordingly, it is highly likely that if reconsideration of the punitive damages claim were granted at this time, it would require reopening a fact discovery period after the close of the time to file dispositive motions and only one month before trial, thereby necessitating a new dispositive motions deadline and delaying the trial.  Defendants, who have a motion for summary judgment pending, would be prejudiced, and to delay trial by entertaining a motion that is significantly untimely would work against the interests of justice.